IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                          No. CR S-04-0083 FCD JFM P

    vs.

FERMIN GONZALEZ-ORTIZ,

    Movant.                            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In 2004, movant pleaded guilty to one count of deported alien found in the United States in violation of 8 U.S.C. § 1326 and was sentenced to 51 months in prison. Relying on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), movant claims that the pre-plea presentence calculation of his offense level was unconstitutional because he did not admit his prior conviction and a jury did not find the prior conviction beyond a reasonable doubt. Movant also summarily alleges the Supreme Court's decisions in <u>Booker/Fanfan</u> may also provide him relief because he asserts the sentence enhancement was unconstitutionally imposed. Essentially movant contends his sentence should not have been increased 16 levels under the applicable Sentencing Guidelines.

1

Respondent contends that (1) Movant's plea agreement specifically precluded any collateral attack; (2) Movant's plea agreement contained an explicit stipulation that he was previously convicted of a felony drug trafficking offense for which the sentence imposed exceeded 13 months; and (3) Movant's motion raises no cognizable constitutional claim under 28 U.S.C. § 2255.

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.2005), cert. denied, ____ U.S. ____, 126 S.Ct. 198 (2005). A waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. Id. In addition to a waiver of direct appeal rights, a defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1992), cert. denied sub nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993). A waiver of the right to bring a § 2255 action likely would not include a claim that the waiver itself was involuntary or that ineffective assistance of counsel rendered the plea involuntary. See Pruitt, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (summarizing Pruitt and Abarca, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

Here, in the plea agreement, movant expressly waived his constitutional rights and, as part of the plea agreement, "freely, knowingly and voluntarily [gave] up the right to appeal any aspect of his conviction or sentence." (Id. at 2-3.) Movant does not contend that his plea was not knowingly, intelligently and voluntarily made or that his defense counsel provided

ineffective assistance. Because movant waived his right to appeal any aspect of his conviction or sentence, the motion should be denied.

Moreover, movant, relying on Blakely, supra, alleges that his sentence was imposed in violation of his rights under the Sixth Amendment because it was based on a prior conviction not found true by a jury. Blakely follows a line of United States Supreme Court decisions starting with Jones v. United States, 526 U.S. 227 (1999) and Apprendi v. New Jersey, 530 U.S. 466 (2000) which hold that the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Sixth Amendment, all require any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. In Blakely, the Court defined the "statutory maximum" for purposes of Apprendi and its progeny as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Blakely, 542 U.S. at 303 (emphasis in original).

In the instant case, movant and his attorney of record entered into a detailed, written, plea agreement which stated it set forth the "full and complete plea agreement between the parties." (Govt.'s Opp'n, Ex. C.) Movant admitted that he had previously been deported from the United States to Mexico and was found by immigration officials in Vacaville, California, on January 23, 2004. (Id., Ex. A to Ex. C.) Movant further admitted that at the time he was found, he admitted he was an alien, meaning he was neither a citizen nor national of the United States, and had been previously deported from the United States. (Id.) Movant also admitted at the time he was found that he had not applied for permission to re-enter the United States following his deportation. (Id.) Movant expressly admitted he had been previously convicted of a felony drug trafficking offense for which the sentence imposed exceeded 13 months. (Id.)

Movant also expressly stipulated to the sentencing guideline calculations which do not differ from the sentence ultimately imposed. (Id. at 4.) Movant's sentence of 51 months,

based on his offense level and his criminal history category, was at the low end of the sentencing guideline range.  (Id. at 4.)

Because movant admitted his prior conviction, the district court could use the prior conviction as a basis to enhance his sentence.  Moreover, prior convictions are an exception to the rule announced in Apprendi and expanded in Blakely.  United States v. Quintana-Quintana, 383 F.3d 1052 (9th Cir. 2004)("[A] sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury.")  Prior convictions need not be alleged in an indictment or submitted to a jury.  Almendarez-Torres v. United States, 523 U.S. 224 (1998)[1]; see also United States v. Arellano-Rivera, 244 F.3d 1119, 1127 (9th Cir. 2001).  Therefore, even if movant had not admitted the prior conviction, the district court could find movant sustained a prior conviction and use it to enhance the sentence.  Thus, there was no Blakely violation here.[2]

---

[1] See also United States v. Martinez-Rodriguez, 2006 DIDAR 15285 (9th Cir. November 21, 2006)(when sentencing enhancement increases recidivist defendant's maximum possible sentence, defendant's recidivism need not be charged or proven beyond a reasonable doubt.)

> [W]hile *Apprendi* may cast doubt on the continuing viability of *Almendarez-Torres, Almendarez-Torres* remains the law unless and until it is overruled by the Supreme Court. *ReyesPacheco*, 248 F.3d at [942], 945 [(9th Cir. 2001)]; *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000).  Thus, the district court properly concluded that . . .convictions for possession for marijuana for sale were aggravated felony convictions. We hold that "[t]he district court did not err by considering [Martinez's] prior aggravated felony conviction[s] despite the fact that such conduct was neither admitted nor charged in the indictment, presented to a jury, and proven beyond a reasonable doubt." *Reyes-Pacheco*, 248 F.3d at 945.  [Footnote omitted.]

Id. at 15286.

[2] To the extent that movant contends the prior felony should not have been considered "aggravated," movant's claim fails as well.  Title 8 U.S.C. § 1101(a)(43) defines that the term "aggravated felony" means:
> (B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18).

Id.  Movant's prior conviction was for felony drug trafficking for which the sentence imposed exceeded 13 months.  (Govt.'s Opp'n, Ex. C.)  A defendant can receive a 16-level increase for a felony conviction that is, *inter alia*, "a drug trafficking offense for which the sentence imposed

Finally, movant's citations to Booker/Fanfan are also unavailing. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that remands for re-sentencing were required only where there has been a constitutional or non-constitutional error associated with a sentence issued under the applicable provisions of the Guidelines. Id. at 769. Because the Sixth Amendment is not implicated when a sentence is enhanced based on a prior conviction, id. at 756; Almendarez-Torres, 523 U.S. at 243-48, the district court did not commit a constitutional error by enhancing movant's sentence. The district court did not commit a non-constitutional error because the district court properly sentenced movant under the Sentencing Guidelines. Movant's sentence did not exceed the statutory maximum for his commitment offense, see 8 U.S.C. § 1326, nor was it based on any factors that should have been, but were not, found by a jury. Movant is not entitled to relief and his motion should be denied.

IT IS HEREBY RECOMMENDED that:

1. Movant's January 24, 2005 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The clerk of the court be directed to close the companion civil case No. 05-0138 FCD JFM P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////

/////

---

exceeded 13 months," an eight-level increase for an aggravated felony conviction, a four-level increase for any other felony or for "three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses." U.S.S.G. § 2L1.2.

5

failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 19, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

001
gonz0083.257